UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY LEE BALKCOM,

    Plaintiff,

v.                                                                              Case No.: 2:23-cv-996-SPC-NPM

CHARLES DEVIN SEMIKLOSE
and JACOB MATTHEW
ZAVACKY,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 24).

## **Background**

Plaintiff Jerry Lee Balkcom commenced this action as a pretrial detainee in Lee County Jail. He sued Lee County Sheriff's deputies Charles Semiklose and Jacob Zavacky for excessive force during his arrest. In his complaint, Balkcom accused both officers of choking him by putting their knees on his neck, and he accused Semiklose of punching him repeatedly in the face, causing permanent blindness in one eye. The following facts are undisputed unless otherwise noted.

On May 15, 2023, Semiklose and Zavacky were dispatched to a home at 835 Appleton Avenue, Lehigh Acres, Florida in response to a 911 call reporting that Balkcom had a gun and was refusing to allow a woman to leave. While enroute, Semiklose confirmed that an injunction barred Balkcom from being at the address. When the defendants arrived at the home, they went to the back of the home while other officers tried to make contact at the front door. The defendants saw Balkcom fleeing from the house. Semiklose identified himself as a law enforcement officer and drew his taser, but Balkcom kept running. Balkcom dropped several bags as he fled.

Semiklose chased Balkcom, and Zavacky ran around the area to cut off Balkcom's escape. Semiklose caught up to Balkcom and ordered him to stop. When Balkcom refused, Semiklose tackled him. While struggling to get free, Balkcom rolled onto his back, pulled up his hands, and clenched his fists. Semiklose believed Balkcom was going to try to punch him, so Semiklose struck Balkcom in the side of the face as a distraction technique. That allowed Semiklose to gain control of Balkcom and apply handcuffs as other deputies arrived to assist. The deputies collected the bags Balkcom dropped—they contained illegal drugs and a gun.

Sergeant Nees investigated Semiklose's use of force, which involved photographing Balkcom and attempting to interview him. Balkcom made no allegation of excessive force, and Nees did not observe an injury to his face.

After the interview, Balkcom was taken to the hospital. A CT scan of Balkcom's facial bones and head revealed no acute abnormalities.

The State of Florida charged Balkcom with multiple felonies. While detained at Lee County Jail, Balkcom sent the sheriff a letter addressing his arrest. The letter claims an officer punched Balkcom repeatedly during his arrest, blinding his *right* eye. In response to a discovery request, Balkcom stated he is blind in his *left* eye. The letter also threatens a lawsuit against the sheriff's office and states the sheriff can resolve the issue by dropping the criminal charges. Balkcom claims the letter contains mistakes because another inmate wrote it for him. The sheriff's office also received an electronic communication via the jail's kiosk system purportedly from Balkcom, requesting medical treatment for lost vision in his *right* eye. Balkcom claims he did not send the kiosk request, but he does not support that claim with any evidence. During a recorded jail phone call, Balkcom made multiple comments about how softly Semiklose hit him.

Balkcom was ultimately convicted of resisting arrest without violence, trafficking in Phenethylamines, and violation of the injunction preventing him from being at the home where he was arrested.

**Legal Standard**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is

3

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden falls on the movant, who must identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson Cty. Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996). If the moving party demonstrates entitlement to judgment as a matter of law, the non-moving party must establish each essential element to that party's case. *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 524 (1994).

Balkcom files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right

4

secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

## Discussion

The Fourth Amendment provides a right to be free from unreasonable seizures. That freedom "includes the right to be free from excessive force." *Baxter v. Santiago-Miranda*, 121 F.4th 873, 887 (11th Cir. 2024). Courts judge excessive force claims under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). That standard requires courts to "look at the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance the risk of bodily harm to the suspect against the gravity of the threat the officers sought to eliminate." *Baxter*, 121 F.4th at 887.

Courts must "examine the totality of the circumstances, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Swinford v. Santos*, 121 F.4th 179, 189 (11th Cir. 2024) (quotation marks and citation omitted).

5

"The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Graham*, 490 U.S. at 396-97.

The materials submitted by the parties do not demonstrate any genuine issues of material fact. Balkcom points to discrepancies in the evidence regarding some minor details, like the precise positioning of the defendants and whether Semiklose tackled him in a patch of weeds or a wooded area. But he presents no evidence to dispute Semiklose's description of his use of force or the moments that preceded it. Nor does he present any evidence of his alleged injury. The only evidence he submits relevant to his vision is a billing statement for an eye exam performed on March 27, 2024. The statement does not include the results of the exam. Balkcom presents no evidence of the severity or cause of his alleged injury.

At the summary judgment stage, Balkcom cannot rely on the allegations in his complaint. *See Porter, supra.* The relevant evidence Balkcom presents—a probable cause affidavit, incident reports, and the defendants' deposition transcripts—is generally consistent with the facts presented in the defendants' motion and affidavits. There is no evidence that Zavacky used any force on Balkcom, or that Semiklose choked Balkcom or struck him more than once.

Because it is undisputed that Zavacky did not use force, he is obviously entitled to summary judgment. As for Semiklose, the Court finds his use of

6

force reasonable under the circumstances. It is undisputed that Balkcom was fleeing when Semiklose tackled him, that he continued to resist Semiklose, and that he twisted to face Semiklose and lifted his fists. While Balkcom characterizes this as a defensive move, a reasonable officer in Semiklose's position could construe it as aggressive. The single strike to the side of Balkcom's head was objectively reasonable. After all, Balkcom was reportedly armed with a gun, and allowing him to fight his way out of restraint and continue his resistance could have made the situation much more dangerous.

Balkcom argues that regardless of the force used, the severity of his alleged injury precludes summary judgment. As noted above, the evidence does not establish that Semiklose's use of force caused Balkcom any lasting injury. Balkcom downplayed the strength of Semiklose's strike during a jail phone call, there were no visible bruises or abrasions on his face following his arrest, and a CT scan of his head and face showed no injury. But even if Balkcom did establish a serious and lasting injury, that would not be enough. The core judicial inquiry for an excessive-force claim is the nature of the force used, not the extent of the injury. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1328 n.33 (11th Cir. 2017); *see also Sanchez v. Obando-Echeverry*, 716 F. Supp. 2d 1195, 1207 (S.D. Fla. 2010) ("the severity of the injury alone does not transform the police officers' action…from a good faith attempt to effectuate an arrest based on probable cause to a bad faith imposition of excessive force").

7

Based on the record evidence, no reasonable jury could find the defendants' liable for excessive force.

Accordingly, it is now

**ORDERED:**

Defendants' Motion for Summary Judgment (Doc. 24) is **GRANTED**. This action is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2025.



SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

8